UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERENA S., | ) |
| Plaintiff, | ) No. 20 cv 359 |
| v. | ) Magistrate Judge Susan E. Cox |
| ANDREW M. SAUL, Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Serena S.[1] ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits. Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security, which the Court construes as a motion for summary judgment [Dkt. 18]; the Commissioner has filed a cross-motion for summary judgment [Dkt. 19]. As detailed below, the Court grants Plaintiff's motion for summary judgment [Dkt. 18], denies the Commissioner's motion for summary judgment [Dkt. 19], and remands this matter for further proceedings.

**I. Background**

   **a. Procedural History**

Plaintiff applied for both Disability Insurance Benefits and Supplemental Security Income on January 15, 2016, alleging a disability onset date of August 31, 2015. [Administrative Record ("R.") 25.] Plaintiff was born in 1974, making her nearly 41 years old at her alleged onset date. [R. 72.] Plaintiff's claims were denied initially and upon reconsideration. [R. 25.] On June 13, 2018, after an administrative hearing, Administrative Law Judge ("ALJ") Margaret A. Carey issued an unfavorable

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

decision. [R. 25-35.] Plaintiff requested Appeals Council review, which was denied on November 13, 2019 [R. 1-5], causing the ALJ's June 13, 2018 decision to constitute the final decision of the Commissioner. 20 C.F.R. §404.981. Plaintiff filed the instant action on January 16, 2020, seeking review of the Commissioner's decision. [Dkt. 1.]

### b. The ALJ's Decision

On June 13, 2018, the ALJ issued a written decision denying Plaintiff disability benefits. [R. 25-35.] At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of August 31, 2015 through her date of the ALJ's decision. [R. 27-28.] At Step Two, the ALJ found that Plaintiff had the severe impairments of depressive disorder; anxiety disorder; and somatization of left arm pain, leg pain, and neck pain. [R. 28.] The ALJ also determined Plaintiff had a variety of nonsevere impairments. [R. 28-29.] At Step Three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 29-30.] As part of this Step Three analysis, the ALJ found that Plaintiff had a moderate limitation with regard to concentrating, persisting, or maintaining pace. [R. 30.]

Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: no climbing of ladders, ropes, or scaffolds; only frequent pulling, pushing, reaching, handling, and fingering with the left upper extremity; no interaction with the public; only occasional interaction with coworkers and supervisors; and "retains the ability to understand, remember, concentrate and perform simple, routine, repetitive work in a low-stress environment, defined as having few, if any, simple, work-related decisions and few, if any, routine changes in the work setting." [R. 31-33.] At Step Four, the ALJ determined that Plaintiff was not capable of performing any of her past relevant work. [R. 33-34.] At Step Five, however, the ALJ found Plaintiff capable of performing other jobs existing in significant numbers in the national economy. [R. 34-35.] Because of these determinations, the ALJ found Plaintiff not disabled under the

2

Act. [R. 35.]

## II. Social Security Regulations and Standard of Review

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and her conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

## III. Discussion

The ALJ's decision must be reversed because the Court cannot determine whether the ALJ considered Plaintiff's moderate limitations in concentration, persistence, and pace in formulating her RFC finding or her hypothetical questions to the VE. The Seventh Circuit recently held that an ALJ committed reversible error by failing to capture a claimant's moderate limitations in concentration, persistence, and pace in the ALJ's RFC finding and the hypothetical question to the VE. *Winsted v. Berryhill*, 923 F.3d 472, 478-79 (7th Cir. 2019) (remanding "[b]ecause the ALJ's hypothetical question to the vocational examiner and the residual function capacity did not capture one of Winsted's most significant problems – his concentration-functioning deficits"). In *Winsted*, the plaintiff suffered from, *inter alia*, panic disorder, posttraumatic stress disorder, and major depressive order. *Id* at 474. During

3

the administrative hearing, the ALJ asked the VE about a hypothetical individual who had several limitations, including being "limited to simply reaching (sic) repetitive tasks," and the VE testified that such an individual would be able to work in certain positions. *Id.* at 476. When the ALJ issued a written ruling, the ALJ "acknowledged that Winsted had moderate difficulty with social functioning and concentration, persistence, and pace because of his mental-health issues, but concluded these severe impairments did not meet a listing for presumptive disability." *Id.* In the RFC determination, the ALJ found Winsted could perform light work with several limitations, all of which had been in the above-referenced hypothetical individual posited to the VE, including being limited to "simple, routine, repetitive tasks."

The Seventh Circuit agreed with plaintiff's argument that the ALJ's limitation that plaintiff perform only "simple, routine, repetitive tasks with few workplace changes" failed "to address his concentration-functioning deficits because 'both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record.'" *Id.* at 476 (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The appeals court explained its reasoning, stating:

> Again and again, we have said that when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations. We have also made clear that in most cases "employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace," and thus, alone, are insufficient to present the claimant's limitations in this area. Here, at Step 3 the ALJ found Winsted's moderate difficulties with concentration, persistence, and pace could cause problems with concentration and following written instructions, as well as stress with changes in his routine….
>
> But the first hypothetical the ALJ posed to the VE did not direct the expert to consider problems with concentration, persistence, and pace, which is the hypothetical the ALJ relied on for the RFC. Though particular words need not be incanted, we cannot look at the *absence* of the phrase "moderate difficulties with concentration, persistence, and

4

> pace" and feel confident this limitation was properly incorporated in
> the RFC and in the hypothetical question.

*Id.* at 476-77 (internal citations omitted).

In sum, when an ALJ finds moderate difficulties maintaining concentration, persistence, or pace, those must be included in the questions posed to the vocational expert and in the RFC assessment. *Id.* The terms used must capture the claimant's "temperamental deficiencies and limitations." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014). Although the ALJ does not need to employ particular words, it is well established she must direct the VE to consider the problems with concentration, persistence, and pace that sufficiently capture the *plaintiff's deficiencies* in those areas (*e.g.*, include the underlying symptoms responsible for the limitations in the hypothetical). *Winsted*, 923 F.3d at 478-79; *see, also*, *O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619-20 (7th Cir.2010) (collecting cases for the proposition that "simple, routine, and repetitive tasks" restriction within RFC only suffices in accounting for claimant's moderate difficulties in concentration, persistence, and pace if it addresses underlying cause of claimant's difficulties).

The ALJ made precisely the same error in this case as in *Winsted*. Here, the ALJ found that Plaintiff had a moderate limitation in maintaining concentration, persistence, and pace, and limited her to simple, routine, repetitive tasks in the RFC finding – just as the ALJ did in *Winsted*. During the hearing, the ALJ proposed a hypothetical question to the VE that included a limitation regarding "simple, routine, repetitive work," but did not discuss a hypothetical individual with moderate limitations in concentration, persistence, and pace [R. 68-69]; the ALJ also adopted the limitations from the hypothetical individual discussed at the administrative hearing wholesale into her RFC [R. 34-35, 68-69]. This is the exact error that the ALJ made in *Winsted*, which caused the Seventh Circuit to remand the case back to the Commissioner. Due to that error, the Court cannot tell whether the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace in either the RFC finding or the hypothetical questions that were posited to the VE and was the basis

for the RFC finding.[2] Likewise, it is therefore unclear whether Plaintiff is indeed capable of performing the jobs the VE proposed. Thus, the ALJ's decision lacks the requisite "logical bridge" between the evidence and the ALJ's conclusion. *Steele*, 290 F.3d at 941. The Court must remand this case for further proceedings.

## IV. Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. At this time, the Court offers no opinion as to the other alleged bases of error in the ALJ's decision as raised by Plaintiff. Plaintiff's motion for summary judgment [Dkt. 18] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 19] is DENIED.

Entered: 4/30/2021

Susan E. Cox,
United States Magistrate Judge

---

[2] To this point, Plaintiff raises interesting issues when she queries:
[D]id the ALJ find Plaintiff had problems concentrating, problems persisting, problems maintaining pace, or problems in more than one or all of those areas? Did the ALJ credit Plaintiff's memory problems and that is why she found moderate limits concentrating, persisting, or maintaining pace? If so, how are Plaintiff's problems with memory accommodated by the limits included in the RFC assessment? Did the ALJ credit Plaintiff's reported headaches? If so, did that affect Plaintiff's concentration, persistence, or pace? If so, how did the ALJ address any limits caused by headaches in her RFC assessment? Did Plaintiff's problems concentrating, persisting, or maintaining pace come from her anxiety taking her off-task? Did it come from hypervigilance? Did limits arise from Plaintiff's difficulties sleeping at night, causing her to be tired during the day? Did her limits arise from feeling sedated from her medications during the day?

[Dkt. 18, p. 17.] These questions further solidify the Court's belief that no logical bridge has been created here, where there is no explanation of which of Plaintiff's limits the ALJ credited, which of those limits caused Plaintiff's moderate difficulties concentrating, persisting, or maintaining pace, and how (or whether) the RFC limits assessed by the ALJ accurately reflected Plaintiff's specific limitations or accounted for all of Plaintiff's limitations in these areas.